# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARELLANO-CIGFUEGO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN,<br><br>　　　　Respondent. | Case No. 1:23-cv-01351-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT AND FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In the petition, Petitioner challenges a Federal Bureau of Prisons' policy (Program Statement 5410.01) that excludes inmates with immigration detainers, such as Petitioner, from applying their First Step Act ("FSA") Earned Time Credits ("FTCs"). (ECF No. 1 at 6.)[2] The

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

petition also states that this claim was not presented in all appeals available to Petitioner because "[a]ny appeal to BOP policy would be futile." (ECF No. 1 at 7.)

On November 18, 2022, the Federal Bureau of Prisons ("BOP") issued Program Statement 5410.01, *First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4)*, which precluded prisoners with immigration detainers from applying earned time credits. Fed. Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) (Nov. 18, 2022), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Oct. 17, 2023). On February 6, 2023, the BOP issued Change Notice 5410.01 CN-1. Fed. Bureau of Prisons, Change Notice No. 541001 CN-1 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Oct. 17, 2023).[3] "As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits." Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023).

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). Additionally, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted).

---

[3] The Court takes judicial notice of the BOP program statement and change notice. Fed. R. Evid. 201. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").

Given that the policy challenged by Petitioner in the petition has been changed such that "prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits," Alatorre, 2023 WL 2599546, at *5, Petitioner is HEREBY ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed as moot and for failure to exhaust administrative remedies.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **October 17, 2023**

UNITED STATES MAGISTRATE JUDGE