# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARELLANO-CIGFUEGO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | Case No. 1:23-cv-01351-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

In the instant petition for writ of habeas corpus, Petitioner challenges a Federal Bureau of Prisons' policy (Program Statement 5410.01), alleging that the policy excludes inmates with immigration detainers, such as Petitioner, from applying their First Step Act ("FSA") Earned Time Credits ("FTCs"). (ECF No. 1 at 6.)[1] On October 17, 2023, the Court ordered Petitioner to show cause why the petition should not be dismissed as moot and for failure to exhaust administrative remedies. (ECF No. 6.) To date, no response has been filed, and the time for doing so has passed.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

On November 18, 2022, the Federal Bureau of Prisons ("BOP") issued Program Statement 5410.01, *First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4)*, which precluded prisoners with immigration detainers from applying earned time credits. Fed. Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) (Nov. 18, 2022), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Oct. 17, 2023). On February 6, 2023, the BOP issued Change Notice 5410.01 CN-1. Fed. Bureau of Prisons, Change Notice No. 541001 CN-1 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Oct. 17, 2023).[3] "As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits." Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023).

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived if pursuing administrative remedies would be futile. Id.

///

---

[2] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[3] The Court takes judicial notice of the BOP program statement and change notice. Fed. R. Evid. 201. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").

2

In the petition, Petitioner alleges:

> Petitioner has a [sic] Immigration Detainer DHS Form I-247D lodged on him, F.C.I. Mendota is calling this a 'Final Order of Removal.' The Form on it's [sic] face says DETAINER, also this form is regulated by 8 C.F.R. 287.7, 8C.F.R. 287.7 calls it a detainer and states "any authorized immigration officer may at any time issue a Form. I-247." Petitioner does not believe that this is a "Final Order of Removal," only a [sic] Immigration Judge can issue a Final Order of Removal.

(ECF No. 1 at 18.) Petitioner attaches the immigration detainer form, which reflects that "probable cause exists that the subject is a removable alien" based on "a final order of removal against the subject." (Id. at 20 (capitalization omitted).) Petitioner contends that "[a]ny appeal to the BOP would be futile, the BOP has made there [sic] position on this issue clear." (Id. at 19.) In rejecting a similar argument and finding that pursuing administrative remedies would not be futile, a district judge in this Court found that such a "dispute does not concern the BOP's interpretation of a statute. Rather, it is a factual dispute. If in fact the BOP has erroneously determined that Petitioner is subject to a final order of removal rather than an immigration detainer, an administrative appeal to correct the factual dispute should prove fruitful." Orozco-Orozco v. Warden, FCI Mendota, No. 1:23-cv-0908-JLT-SKO, 2023 WL 4493730, at *1 (E.D. Cal. July 12, 2023). See Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (finding that requiring exhaustion of administrative remedies before filing for habeas corpus relief in a parole matter "will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings"). Moreover, the Court notes that in the "context of the prudential exhaustion of administrative remedies, the issue of whether 'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme' is a key consideration." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990)).

Petitioner has failed to respond to the order to show cause. As "prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits," Alatorre, 2023 WL 2599546, at *5, it is not apparent that exhaustion of administrative

3

remedies would be futile given that the dispute at issue here appears to be factual in nature and pursuance of administrative remedies may result in further development of the record.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state judicial remedies.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 21, 2023**

UNITED STATES MAGISTRATE JUDGE