# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARELLANO-CIGFUEGO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | Case No. 1:23-cv-01351-NODJ-SAB-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND VACATING DECEMBER 21, 2023 FINDINGS AND RECOMMENDATION<br><br>(ECF Nos. 6, 8) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In the petition for writ of habeas corpus, Petitioner challenges a Federal Bureau of Prisons' policy (Program Statement 5410.01), alleging that the policy excludes inmates with immigration detainers, such as Petitioner, from applying their First Step Act ("FSA") Earned Time Credits ("FTCs"). (ECF No. 1 at 6.[1]) On October 17, 2023, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust administrative remedies. (ECF No. 6.) As Petitioner did not file a response to the order to show cause, the Court issued findings and recommendation to dismiss the petition for failure to exhaust administrative remedies. (ECF No. 8.) Petitioner filed timely objections. (ECF No. 9.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On November 18, 2022, the Federal Bureau of Prisons ("BOP") issued Program Statement 5410.01, *First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4)*, which precluded prisoners with immigration detainers from applying earned time credits. Fed. Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) (Nov. 18, 2022), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Oct. 17, 2023). On February 6, 2023, the BOP issued Change Notice 5410.01 CN-1. Fed. Bureau of Prisons, Change Notice No. 541001 CN-1 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Oct. 17, 2023).[2] "As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits." Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023).

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived if pursuing administrative remedies would be futile. Id. Here, Petitioner contends that he only "has a[n] Immigration Detainer lodged against him." (ECF No. 1 at 18). A district judge of this Court has found that such a dispute does not excuse failure to exhaust because it "does not concern the BOP's interpretation of a statute. Rather, it is a factual dispute. If in fact the BOP has erroneously determined that Petitioner is subject to a final order of removal rather than an immigration detainer, an administrative appeal to correct the factual dispute should prove fruitful." Orozco-Orozco v. Warden, FCI Mendota, No. 1:23-cv-00908-JLT-SKO, 2023 WL 4493730, at *1 (E.D. Cal. July 12, 2023).

In his objections, Petitioner states that "F.C.I. Mendota and other BOP officials have informed Petitioner that FSA time credits will not be applied due to the immigration detainer.

---

[2] The Court takes judicial notice of the BOP program statement and change notice. Fed. R. Evid. 201. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").

There is nothing indicating the BOP will alter this position." (ECF No. 9 at 1–2.) In support of his contention that exhaustion should be excused, Petitioner directs the Court's attention to Saxon v. Warden, No. 1:23-cv-01110-SKO, wherein the Court stated it could not verify that Petitioner is the subject of a final order of removal without a copy of the actual order itself. After ordering a copy of the final order of removal be filed, it was determined that Saxon was not in fact subject to a final order of removal, FTCs were applied, and the prisoner released. (ECF No. 9 at 2–3.) Petitioner appears to argue that in the BOP administrative appeal process, an immigration detainer indicating that the prisoner is subject to a final order of removal is sufficient to deny the prisoner relief without a copy of the purported final order of removal itself, and thus, exhaustion of administrative remedies would not be fruitful to correct any factual dispute. See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) ("[T]he district court must construe pro se habeas filings liberally.").

Based on the foregoing, the Court HEREBY ORDERS that:

1. The order to show cause (ECF No. 5) is DISCHARGED; and
2. The December 21, 2023 findings and recommendation (ECF No. 8) is VACATED.

IT IS SO ORDERED.

Dated: __March 26, 2024__

UNITED STATES MAGISTRATE JUDGE

3