# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ARELLANO-CIGFUEGO,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | Case No. 1:23-cv-01351-WBS-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING RESPONDENT'S MOTION TO DISMISS BE GRANTED AND PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED<br><br>(ECF No. 17) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

In the instant petition for writ of habeas corpus, Petitioner challenges a Federal Bureau of Prisons' policy (Program Statement 5410.01), alleging that the policy excludes inmates with immigration detainers, such as Petitioner, from applying their First Step Act ("FSA") Earned Time Credits ("FTCs" or "ETCs"). (ECF No. 1 at 6.[1]) On October 17, 2023, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust administrative remedies. (ECF No. 6.) As Petitioner did not file a response to the order to show cause, the Court issued findings and recommendation to dismiss the petition for failure to

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

exhaust administrative remedies. (ECF No. 8.) Petitioner filed timely objections, and the Court vacated the findings and recommendation. (ECF Nos. 9, 13.)

On May 30, 2024, Respondent filed a motion to dismiss the petition on the following grounds: (1) lack of constitutional standing and failure to state a claim because Petitioner is the subject of a final order of removal; and (2) the lack of "statutory authority under § 2241 to compel BOP's FSA ETC discretionary (sentence end-phase programming) action via declaratory and advisory opinions." (ECF No. 17 at 3.) On July 10, 2024, the Court ordered Respondent to file a copy of Petitioner's purported final order of removal. (ECF No. 18.) On July 24, 2024, the final order of removal was filed under seal. (ECF No. 23.) To date, neither an opposition to the motion to dismiss nor a response to the purported final order of removal has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

### A. First Step Act and Earned Time Credits

"On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was enacted. The Act implemented a number of prison and sentencing reforms." Bottinelli v. Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019). With respect to earned time credit, the Ninth Circuit has described the First Step Act's amendments as follows:

> [P]aragraph 102(b)(1) amends [18 U.S.C.] § 3624 by adding subsection (g), which is relevant to the Act's creation of an earned time credit system.[2] [132 Stat.] at 5210-13. The Act requires that, within 210 days of its enactment, the Attorney General establish a "risk and needs assessment system" to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624." § 101(a), 132 Stat. at 5196–97. Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release. § 102(b), 132 Stat. at 5210–13.

Bottinelli, 929 F.3d at 1197–98 (footnote in original).

///

---

[2] In contrast to good time credit, earned time credit is awarded for "successfully complet[ing] evidence-based recidivism reduction programming or productive activities." § 101(a), 132 Stat. at 5198.

2

Section 3632(d)(4)(A) provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C. § 3632(d)(4)(A). "Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

However, subparagraph (E) provides:

**(E) Deportable prisoners ineligible to apply time credits.**--

> **(i) In general.**--A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).
>
> **(ii) Proceedings.**--The Attorney General, in consultation with the Secretary of Homeland Security, shall ensure that any alien described in section 212 or 237 of the Immigration and Nationality Act (8 U.S.C. 1182, 1227) who seeks to earn time credits are subject to proceedings described in section 238(a) of that Act (8 U.S.C. 1228(a)) at a date as early as practicable during the prisoner's incarceration.

18 U.S.C. § 3632(d)(4)(E).

On November 18, 2022, the BOP issued Program Statement 5410.01, *First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4)*, which precluded prisoners with immigration detainers from applying earned time credits. On February 6, 2023, the BOP issued Change Notice 5410.01 CN-1. Fed. Bureau of Prisons, Change Notice No. 541001 CN-1 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Sept. 26, 2024).[3] "As a result of Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits."

---

[3] The Court takes judicial notice of the BOP program statement and change notice. Fed. R. Evid. 201. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").

Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023).

### B. Jurisdiction

Respondent asserts that there is "no statutory authority under § 2241 to compel BOP's FSA ETC discretionary (sentence end-phase programming) action via declaratory and advisory opinions." (ECF No. 17 at 3.) Respondent argues that "FSA ETC discretionary actions, which involve, among other things, agency inmate evaluations and assessment of available resources, are entrusted by law — such as inmate specific, individualized, FSA ETC earning via EBRR and PA programming — to BOP discretionary action." (Id.)

"Although a district court has no jurisdiction over discretionary designation decisions, it does have jurisdiction to decide whether the Bureau of Prisons acted contrary to established federal law, violated the Constitution, or *exceeded its statutory authority* when it acted pursuant to 18 U.S.C. § 3621." Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016) (emphasis added) (citing Close v. Thomas, 653 F.3d 970, 973–74 (9th Cir. 2011)). As set forth above, under 18 U.S.C.§ 3632(d)(4)(C), "[t]ime credits earned . . . by prisoners who participate in recidivism reduction programs or productive activities *shall* be applied toward time in prerelease custody or supervised release" and the Director of the BOP "*shall* transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C) (emphasis added). "The BOP is therefore required to apply time credits to eligible prisoners who have earned them and cannot categorically make prisoners ineligible for such credits in a manner that contravenes the statutory scheme set forth in 18 U.S.C. § 3632." Sierra v. Jacquez, No. 2:22-cv-01509-RSL-BAT, 2022 WL 18046701, at *4 (W.D. Wash. Dec. 27, 2022), report and recommendation adopted, 2023 WL 184225 (W.D. Wash. Jan. 13, 2023). Accordingly, the Court finds that dismissal is not warranted on the ground that it lacks jurisdiction to compel BOP discretionary action regarding FTCs because application of FTCs to eligible prisoners who have earned them is *required*, not discretionary, under the statute.

///

///

**C. Whether Petitioner is the Subject of a Final Order of Removal**

A prisoner is ineligible to apply FTCs "if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i). Here, Respondent argues that Petitioner is ineligible to apply FTCs because he is subject to a final order of removal. (ECF No. 17 at 3.) Respondent has filed a copy of an order by an immigration judge denying Petitioner's application for voluntary departure and ordering Petitioner removed. (ECF No. 23.)

The Court notes that the final order of removal issued against Petitioner is dated May 10, 2010, more than fourteen years ago. "When an alien subject to removal leaves the country, the removal order is deemed to be executed. If the alien reenters the country illegally, the order may not be executed against him unless it has been 'reinstated' by an authorized official." Morales-Izquierdo v. Gonzales, 486 F.3d 484, 487 (9th Cir. 2007). The Ninth Circuit has "stressed that reinstatement is not 'automatic' and instead requires the government to follow certain procedures to obtain a reinstated removal order." Lopez, 40 F.4th at 1001 (citing Alcala, 563 F.3d at 1013, and Galindo-Romero v. Holder, 640 F.3d 873, 879–80 (9th Cir. 2011)). There is nothing in the record before this Court establishing that the government has fulfilled the requirements to secure reinstatement of Petitioner's 2010 final order of removal.

However, whether the government has fulfilled the requirements to secure reinstatement of Petitioner's 2010 removal order and whether said removal order may be executed against Petitioner are distinct questions from whether Petitioner "is the subject of a final order of removal under any provision of the immigration laws" under the statute. 18 U.S.C. § 3632(d)(4)(E)(i). Here, the record reflects that a final order of removal exists and Petitioner is the subject of said order. Accordingly, the Court finds that Petitioner is "the subject of a final order of removal under any provision of the immigration laws" for purposes of 18 U.S.C. § 3632(d)(4)(E)(i), and thus, is ineligible to apply First Step Act time credits. See Cuevas v. Birkholz, No. 2:23-cv-07287-GW-JC, 2024 WL 2702918, at *2 (C.D. Cal. Mar. 29, 2024) ("Here, Petitioner is subject to a final removal order . . . requiring his removal to Mexico. He is

therefore statutorily ineligible for the application of time credits under the First Step Act[.]"), report and recommendation adopted, 2024 WL 2702652 (C.D. Cal. May 22, 2024). As Petitioner cannot obtain the relief he seeks in the petition, Respondent's motion to dismiss should be granted.

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 17) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 30, 2024**

UNITED STATES MAGISTRATE JUDGE